# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

14-40833
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

January 29, 2015

Lyle W. Cayce
Clerk

MARY HARMON, Individually, and as Next Friend of E.J., a Minor,

Plaintiff-Appellant

v.

BEAUMONT INDEPENDENT SCHOOL DISTRICT; LINDA BOUNDS; BARBARA HARDEMAN,

Defendants-Appellees

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:12-CV-571

Before SMITH, WIENER, and ELROD, Circuit Judges.

PER CURIAM:*

Plaintiff-Appellant Mary Harmon appeals the district court's grant of Defendants-Appellees' Motion for Summary Judgment, dismissing Harmon's §1983 case asserting violations of her First Amendment rights and retaliation. We affirm.

Our consideration of the district court's April 7, 2014 Order Granting Defendants' Motion for Summary Judgment, in support of its Final Judgment

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-40833

of April 8, 2014, as well as the briefs of the parties and the record on appeal, convinces us that the district court made no reversible error in reaching its decision to grant Defendants' summary judgment motion. More specifically, Harmon's speech was not "public speech" protected by the First Amendment; the conduct of Defendants Bounds and Hardeman that Harmon alleged was retaliation did not rise to the level of severity sufficient to chill the speech of a person of "ordinary firmness"; the court's denial of Harmon's tardy Motion for Leave to File Pleadings and Additional Evidence was not an abuse of discretion; there is no evidence that Harmon's alleged protected speech motivated Bounds's alleged staring at her or Hardeman's telephoning Harmon's employer about her disruptive behavior in the pick-up line at the subject school; Bounds and Hardeman were entitled to qualified immunity; and neither Bounds's staring nor Hardeman's phone call reflected the official policy or custom of the school board for purposes of Section 1983. Thus, for essentially the same reasons set forth in detail by the district court in its abovesaid order, the Judgment of that court is, in all respects,

AFFIRMED.